[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 24, 1990, the defendant, Edmor, Inc., acquired title to certain premises in Essex, Connecticut. It executed a mortgage at said time and favor of the plaintiff in the sum of $500,000.00, which mortgage is the subject to this foreclosure action.
On August 3, 1990, the defendant, Mario Sapia, Jr., executed a mechanic's lien and recorded it on August 7, 1990. The mechanic's lien alleges commencement date of April 20, 1990. On August 2, 1991 the defendant, Mario Sapia filed a notice of lis pendens on the Essex Land Records in which the plaintiff was not named as a defendant. A suit by the said defendant against Edmor, Inc. was returned to the court on August 20, 1991 and the plaintiff herein was not a party thereto. In that suit a foreclosure of mechanic's lien was requested along with alternative forms of relief in the form of possession of the liened premises, reasonable attorney's fees, costs and damages. On October 25, 1993 Mario Sapia filed a judgment lien on the premises for $12,000. Sapia obtained a judgment of money damages in that lawsuit.
The lawsuit that is the subject of this memorandum was returned to the court on December 28, 1993 and named the defendant Mario Sapia as a defendant by virtue of his mechanic's lien and subsequent judgment.
Based upon the relevant, credible and admissible evidence presented to this court it is found that the debt due on the plaintiff's mortgage is $774,084.73. The court finds that the value of the real estate encompassed by the mortgage is $550,000. CT Page 2118 The court allows an appraisal fee of $250.00 and allows attorney's fees in the amount of $3,750.00. The court further finds it is appropriate that a judgment of strict foreclosure shall enter and as hereinafter set forth will designate a law day of June 10, 1996.
A single contested issue in this case is whether or not the mechanic's lien of the defendant Sapia has priority over the plaintiff's mortgage.
The court finds that the mechanic's lien was legitimately perfected by compliance with the provisions of Conn. General Statutes Sec. 49-34 which required the statutory recordation within 90 days after ceasing to perform services. Further it is found that there was compliance with Sec. 49-35 in that the lienor gave written notice to the owner of the land or his agent.
The defendant further complied with the provisions of Sec.49-39 by commencing an action to foreclose his mechanic's lien by complaint dated August 2, 1991 in a suit entitled Sapia v. Edmor,
Inc. Docket No. CV 91-0062987S and the filing of a lis pendens in evidence thereof on the Essex Land Records on August 2, 1991.
Furthermore, this lawsuit went to judgment on October 19, 1993 as against Edmor in the amount of $12,000. and as evidence thereof filed a judgment lien dated October 25, 1993 recorded in the Essex Land Records at Vol. 146 page 376.
The law of this jurisdiction allows of the creation of a mechanic's lien in derogation of the common law and further that said laws should be literally construed in order to implement their remedial purpose of furnishing security for one who provides services or materials and thereby improves the value of land. Nickel Mine Brook Associates v. Joseph B. Sakal, 217 Conn. 361
(1991). The law further provides a requirement that they shall commence an action to foreclose a lien and record the notice of lis pendens within the statutory period of time. The defendant has satisfied these affirmative requirements of mechanic's lien statutes in order to perfect it and to continue it in full force and effect. The court notes that prior to its statutory amendment by Public Act 75-418, the law contained a provision establishing a time limit not only for the commencement of the action to foreclose the lien but also a time period in which such action had to be concluded. There is no such time period applicable now and in fact the defendant's action to CT Page 2119 foreclose this mechanic's lien is still pending. Since the defendant mechanic's lien was perfected it remains in force. Conn. General Statutes 49-33(b) clearly provides that the claim is a lien on the land and that the claims takes precedence over any other encumbrance originating after the commencement of the services.
The court concludes that the defendant Mario Sapia has met all of the evidentiary and statutory requirements in order to establish the existence and perfection of his mechanic's lien and that it has; priority over the plaintiff's mortgage being foreclosed in this action.
Judgment of strict foreclosure is entered. The law day is designated as June 10, 1996 with the allowances for attorney's fees and costs as previously set forth and further judgment shall enter establishing that the claim of the defendant Mario Sapia as legally secured by his mechanic's lien of record in the amount of $12,000. is prior in time and right to that of the plaintiff's mortgage being foreclosed herewith.
It is so ordered.
HIGGINS, J.